TASHIMA, Circuit Judge,
dissenting:
This court may set aside a decision of the Commissioner of Social Security only if it is unsupported by substantial evidence or is based on legal error. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir.2007). Because the ALJ provided clear and convincing reasons for his decision, supported by substantial evidence, I would affirm.
First, Putz stated to Dr. Gan that she had been feeling well until a few weeks prior to May 30, 2002. While this statement could be interpreted to refer to Putz’s heart problems, as does the majority, that is not the only rational interpretation — the statement could just as well have referred to Putz’s general health, including her fatigue. See id. Thus, this evidence supports the ALJ’s finding that Putz was not disabled in December 2001.
Second, no objective medical evidence supported the claimed severity of Putz’s symptoms. “Although lack of medical evidence cannot form the sole basis for discounting [a claimant’s] testimony, it is a factor that the ALJ can consider in his credibility analysis.” Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir.2005).
Third, Putz did not seek aggressive treatment consistent with the claimed severity of her symptoms. “[Ejvidence of ‘conservative treatment’ is sufficient to discount a claimant’s testimony....” Parra v. Astrue, 481 F.3d 742, 751 (9th Cir.2007). The ALJ noted that Putz was not taking prescribed medication and was only receiving treatment from a naturopath. Although Putz visited various doctors, the ALJ reasonably concluded that these doctors did not provide “treatment.” See 20 C.F.R. § 404.1502 (noting that treatment is marked by an ongoing relationship). At the hearing before the ALJ, Putz’s own counsel asked her why she had not sought more treatment, and Putz responded only that her naturopath had nothing more to offer. The ALJ, therefore, reasonably found that Putz did not adequately explain her failure to seek treatment and properly considered this as a factor. See Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir.1991) (en banc).
Fourth, Putz’s naturopath, Dr. Data, is not an “acceptable medical source”, and her opinions are not entitled to controlling weight. Soc. Sec. Rui. 06-03p. The ALJ reasonably discounted her statements because they were based primarily on Putz’s subjective complaints. See Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir.2008). Dr. Data’s letter supporting Putz’s disability claim was written almost two years after the alleged disability, was conclusory, and admitted that Putz’s physical examinations showed no abnormal findings. Furthermore, on February 16, 1999, the visit prior to Putz’s alleged disability onset date, Dr. Data wrote that Putz had good energy.
The majority states that “[t]wo acceptable medical sources have diagnosed Putz with chronic fatigue syndrome; no physician has contradicted or questioned those diagnoses.” But that statement only begs the question. No one questions that Putz has CFS; what is at issue is the severity of her CFS, and that is the nub of the case before us. Much of the evidence in this case is susceptible to differing interpretations and our role is not to second-guess the ALJ’s rational interpretation of the evidence. Fair v. Bowen, 885 F.2d 597, 604 (9th Cir.1989). Even if this court discounts some of the ALJ’s reasons for *805 discrediting Putz’s testimony, as does the majority, the remaining evidence is substantial and sufficiently supports the ALJ’s decision. Carmickle v. Comm’r, Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir.2008).
For these reasons, I would affirm the decision of the Commissioner and the district court and respectfully dissent.